QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  David A. Nelson (*Pro Hac Vice*)
  davidnelson@quinnemanuel.com
  Christopher Freeman (*Pro Hac Vice*)
  chrisfreeman@quinnemanuel.com
  Michael F. Harte (*Pro Hac Vice*)
  mikeharte@quinnemanuel.com
250 S. Wacker Dr., Suite 230
Chicago, IL 60606
Telephone: (312) 463-2961
Facsimile: (312) 463-2962

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Sean S. Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875 6600
Facsimile: (415) 875 6700

**ATTORNEYS FOR DEFENDANT
SYMANTEC CORPORATION**

*Additional Attorneys Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

**Case Number: 3:09-CV-01063-MMC**

| | |
|---|---|
| SOUTHWEST TECHNOLOGY INNOVATIONS, LLC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) [~~PROPOSED~~] **STIPULATED** |
| | ) **PROTECTIVE ORDER** |
| SYMANTEC CORPORATION | ) ) |
| Defendant. | ) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

The Court recognizes that at least some of the documents and information ("Materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any part to which it belongs.

2. The term "Materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matters identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings;

notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" shall mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: QUINN EMANUEL URQUHART OLIVER & HEDGES, LLC; NIRO, SCAVONE, HALLER & NIRO; and FERGUS, A LAW FIRM.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." The producing party may further sub-designate computer source code or documents that describe encoding or decoding algorithms used in computer source code as "RESTRICTED SOURCE CODE" by appending "RESTRICTED SOURCE CODE" to any of the four above designations.

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its Counsel, the information is considered to be

most sensitive to the party, including but not limited to trade secret, highly confidential research, development, financial or commercial information.

5. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced shall be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

6. Wherever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record wherever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY," or "RESTRICTED SOURCE CODE";

    b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information

4

STIPULATED PROTECTIVE ORDER
3:09-CV-1063 - MMC

is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, videographer, and independent experts/consultants who are permitted access to the Confidential Information by this Protective Order; and

  c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY," or "RESTRICTED SOURCE CODE" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

  7. All Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "RESTRICTED SOURCE CODE" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

  8. Any attorneys, patent agents, or other persons who are allowed access to documents, information, and other things designated "CONFIDENTIAL – FOR COUNSEL ONLY" or "RESTRICTED SOURCE CODE" (i) shall not actively participate in the prosecution of any application pertaining to mail security software products during the pendency of this action and for one year after the conclusion of their involvement

with this litigation, including appeals; and (ii) shall have no involvement in the prosecution of any application related to the patent-in-suit, *i.e.*, continuations, continuations in part, divisionals, or foreign counterparts.

9. Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" shall be viewed only by Counsel of record for the receiving party (and regular employees of such Counsel), by independent experts under the conditions set forth herein, and by no more than two (2) in-house counsel of the receiving party, designated in writing, who are actively engaged in connection with the conduct of this litigation.

    a. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert first must provide to the producing party (1) the full name of the independent expert and the city and state of his or her primary residence, (2) a copy of the expert's current resume or *Curriculum Vitae*, (3) an executed copy of Exhibit A, attached hereto, (4) a written identification of each person or entity from whom the expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) the name and action number of the case, filing date, and location of any court concerning any litigation in connection with which the expert has provided any professional services during the preceding five years.

b. A party that makes a request and provides the information concerning the expert specified in the preceding subparagraph may disclose the designated information to the identified expert unless, within seven (7) court days of delivering the request, the party seeking approval of the expert receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based.

c. A party that receives a timely written objection must meet and confer with the producing party (in person or telephonically) to try to resolve the matter by agreement. If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion as seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the producing party for its refusal to approve the disclosure.

d. In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the

disclosure would entail (under the safeguards proposed) outweighs the party's need to disclose the designated information to its expert.

10. Information designated "CONFIDENTIAL" shall be viewed only by Counsel of the receiving party, by independent experts (pursuant to the terms of paragraph 9), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a. Executives who are required to participate in policy decisions with reference to this action;

b. Attorneys or members of the legal staff of the parties involved in this action, including those defined herein as in-house counsel;

c. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

d. the Court and its personnel;

e. court reporters, videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation, and any mediator appointed by the Court or agreed to by the parties; and

f. Stenographic and clerical employees associated with the individuals identified above.

11. Computer source code and documents that describe encoding or decoding algorithms used in computer source code shall be designated "CONFIDENTIAL – FOR COUNSEL ONLY" and may be sub-designated by appending "RESTRICTED SOURCE CODE" to the designation. Documents and things so sub-

designated will be subject to all of the restrictions of the main designation and will also be subject to the following additional restrictions and provisions:

>   a.  The producing party shall make available Materials sub-designated "RESTRICTED SOURCE CODE," if available in electronic form, on a password protected laptop or workstation. The producing party shall make its best efforts to provide, as quickly as possible, on the laptop or workstation, any software or analytical tool requested by the inspecting party's Counsel and/or experts/consultants. The laptop or workstation shall not be connected to a network or to the internet. The inspecting party's Counsel and experts/consultants shall not alter, dismantle, disassemble or modify the laptop or workstation in any way, and shall not attempt to circumvent any security feature of the laptop or workstation. Nothing in this paragraph shall be construed to prevent the receiving party's Counsel or experts/consultants from analyzing or copying Materials sub-designated "RESTRICTED SOURCE CODE" from one memory location to another within the laptop or workstation, provided that no electronic copies shall be removed from the laptops or workstation.
>   b.  Each time a person accesses the laptop or workstation, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the laptop or workstation including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

c. At the producing party's sole discretion, the laptops or workstation containing Materials sub-designated "RESTRICTED SOURCE CODE" may be made available only at the offices of Counsel for the producing party, and under appropriate supervision and safeguards, or at an approved software escrow facility with similar safeguards. The producing party shall bear the costs for such protections.

d. No copies shall be made of source code or other Materials sub-designated pursuant to this paragraph, whether physical, electronic, or otherwise, except for: (i) electronic copies created on the laptops or workstation, whether temporary copies created in the normal operation of a computer system or output files created from source code analysis tools and/or utilities; (ii) excerpted written and printed portions for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access the designated material; and (iii) such other uses to which the parties may agree or that the Court may order. Any printed copies shall be limited only to those portions of the sub designated Materials for which a printed copy is needed at the time. Any printed copies of material sub-designated "RESTRICTED SOURCE CODE" shall be securely maintained by Counsel of record and/or the independent expert/consultant, shall be marked "RESTRICTED SOURCE CODE" on each page, shall be printed on

non-white colored paper and shall be destroyed as soon as they are no longer needed.

  e. A written log shall be maintained by Counsel of record and the independent expert/consultant for all printed copies of Materials sub-designated pursuant to this paragraph. The log shall record the date, the number of pages printed and the identity of the person who created the printed copies.

  f. The independent expert/consultant shall be provided with no more than a single copy of any printed Materials sub-designated "RESTRICTED SOURCE CODE." The independent expert/consultant shall not be permitted to transmit electronically or in any other way, or disseminate copies of any printed Materials sub-designated "RESTRICTED SOURCE CODE."

12. With respect to material designated "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY" or "RESTRICTED SOURCE CODE," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

13. All information which has been designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY," or "RESTRICTED SOURCE CODE," by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the outside Counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law with respect to filing documents under seal in this Court.

15. At any stage of these proceedings, any party may object to a designation of the Materials as Confidential information. The party objecting to confidentiality shall notify, in writing, Counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any Confidential Information or otherwise protected privileged information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials.

19. Production Not a Waiver: In accordance with FEDERAL RULE OF CIVIL PROCEDURE 26(b), if through a party produces any document(s), tangible thing(s), or information that it believes is immune from discovery pursuant to attorney-client privilege, attorney work product immunity, or any other privilege or immunity, such production shall not be deemed a waiver, and the producing party may give written notice to the receiving party that the document(s), tangible thing(s), or information so produced is deemed privilege and that the return of the documents(s), tangible thing(s), or information is requested. Upon receipt of such written notice, the receiving party shall immediately undertake to gather the original and all copies of the document(s), tangible thing(s), or information and shall immediately return the original and all such

13

copies to the producing party. Return of such document(s), tangible thing(s), or information to the producing party shall not preclude the receiving party from later moving to compel production of the returned document(s), tangible thing(s), or information.

20. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21. Nothing in this Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

22. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

23. Nothing herein is intended to prohibit or restrict in any way a party's (or its attorneys') use or distribution of its own information.

24. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25. Upon final termination of this action, including any and all appeals, Counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and

14

shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

26. The restrictions and obligations set forth herein shall not apply to any information that (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by preproduction documentation.

27. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

28. Transmission by email is acceptable for all notification purposes herein.

29. This Order may be modified by agreement of the parties, subject to approval by the Court.

30. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content to those modifications, prior to entry of such an order.

31. In the event any documents, things and/or deposition testimony are sought and obtained from a third party, such third party shall have the right to designate any such documents, things and/or deposition testimony as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY," or "RESTRICTED SOURCE CODE." Information in accordance with this Order, and the use of such Confidential Information by any receiving party shall be governed in all respects by the terms of this Order.

Dated: February 17, 2010          Respectfully submitted,

| /s/ Christopher Freeman | /s/ Tahiti Arsulowicz |
|---|---|
| David Nelson (davenelson@quinnemanuel.com) Christopher Freeman (chrisfreeman@quinnemanuel.com) Michael Harte (mikeharte@quinnemanel.com) Quinn Emanuel Urquhart Oliver & Hedges 250 S. Wacker Dr. Suite 230 Chicago, IL 60606 Tel: (312) 463-2961 Fax: (312) 463-2962<br><br>Sean S. Pak (Bar No. 219032) (seanpak@quinnemanuel.com) Quinn Emanuel Urquhart Oliver & Hedges 50 California Street, 22nd Floor San Francisco, CA 94111 Telephone: (415) 875 6600 Facsimile: (415) 875 6700<br><br>**ATTORNEYS FOR SYMANTEC CORPORATION** | Raymond P. Niro (rniro@nshn.com) Kara Szpondowski (szpondowski@nshn.com) Tahiti Arsulowicz (arsulowicz@nshn.com) Niro, Scavone, Haller & Niro 181 West Madison, Suite 4600 Chicago, Illinois 60602-4515 (312) 236-0733 Fax: (312) 236-3137<br><br>Gary S. Fergus Fergus, a law office 595 Market Street Suite 2430 San Francisco, California 94105 (415) 537-9032 (415) 537-9038 (fax) gfergus@ferguslegal.com<br><br>**ATTORNEYS FOR SOUTHWEST TECHNOLOGY INNOVATIONS, LLC** |

**PURSUANT TO STIPULATION, IT IS SO ORDERED** this __25th__ day of __February__, 2010

_____
Maxine M. Chesney
Judge, United States District Court

# EXHIBIT A

I, _____, declare and say that:

1. I am employed as _____, by _____.

2. I have read the Protective Order entered in Southwest Technology Innovations, LLC v. Symantec Corporation, Case Number: 3:09-CV-01063-MMC and have received a copy of the Protective Order

3. I promise that I will use any and all "Confidential," "Confidential – For Counsel Only" or "Restricted Source Code" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential," "Confidential – For Counsel Only" and "Restricted Source Code" information with anyone other than the persons allowed access to that level of designated information in accordance with the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Northern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential," "Confidential – For Counsel Only" or "Restricted Source Code" information in any manner contrary to

18

STIPULATED PROTECTIVE ORDER
3:09-CV-1063 - MMC

the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____