IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHWEST TECHNOLOGY INNOVATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SYMANTEC CORPORATION, <br><br> Defendant _____/ | No. C-09-1063 MMC <br><br> **ORDER CONSTRUING CLAIMS** |

Before the Court is the parties' dispute regarding the proper construction of three terms in U.S. Patent No. 6,952,719. Plaintiff Southwest Technology Innovations, LLC ("SWTI") and defendant Symantec Corporation ("Symantec") have submitted a Joint Claim Construction Statement pursuant to Patent Local Rule 4-3, as well as briefs and evidence supporting their respective positions. The matter came on regularly for hearing on March 15, 2010. Gary S. Fergus of Fergus, A Law Office and Tahiti Arsulowicz of Niro, Scavone, Haller & Niro appeared on behalf of SWTI. David A. Nelson, Jennifer A. Kash, and Christopher Freeman of Quinn Emanuel Urquhart Oliver & Hedges, LLP appeared on behalf of Symantec.

Having considered the parties' respective written submissions, and the arguments of counsel, the Court construes the disputed claims of the '719 Patent as follows.

## LEGAL STANDARD

In construing disputed claims, a district court's primary source is the intrinsic evidence of the patent. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582-83 (Fed. Cir. 1996). Intrinsic evidence includes "the claims, the specification, and the prosecution history," see Unique Concepts, Inc. v. Brown, 939 F.2d 1558, 1561 (Fed. Cir. 1991), as well as the abstract, see Hill-Rom Co. v. Kinetic Concepts, Inc., 209 F.3d 1337, 1341 (Fed. Cir. 2000). Language used in the patent is given its ordinary meaning, unless it is clear that the inventor intended the terms to have a different meaning. See Vitronics, 90 F.3d at 1582. The patent specification "may act as a sort of dictionary, which explains the invention and may define terms used in the claims." See Markman v. Westview Instruments, Inc., 52 F.3d 967, 986 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). Although a district court considers the specification in determining the meaning of a disputed claim, it generally is improper to limit the scope of the claim to the examples set forth in the specification. See Electro Medical Systems v. Cooper Life Sciences, 34 F.3d 1048, 1054 (Fed. Cir. 1994). The claims of the patent, not the specification, "measure the invention." See SRI Int'l v. Matsushita Elec. Corp. of America, 775 F.2d 1107, 1122 (Fed. Cir. 1985). As noted, the district court also reviews the prosecution history, which "can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." See Phillips v. AWH Corp., 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc).[1]

Further, in addition to intrinsic evidence, the court may consider extrinsic evidence, see Phillips v. AWH Corp., 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc), which "consists of all evidence external to the patent and prosecution history, including expert and inventor

---

[1] In the instant case, Symantec argues SWTI's proposed constructions are precluded under the doctrine of prosecution history disclaimer. Although the Court, as set forth below, has, with limited exception, adopted Symantec's proposed constructions, as well as Symantec's arguments in support thereof, the Court finds the asserted disclaimer has not been shown.

testimony, dictionaries, and learned treatises," id. (internal quotation and citation omitted). Extrinsic evidence "can help educate the court regarding the field of the invention and can help the court determine what a person of ordinary skill in the art would understand claim terms to mean." See id. at 1319. Nevertheless, "while extrinsic evidence can shed useful light on the relevant art, . . . it is less significant than the intrinsic record in determining the legally operative meaning of claim language." See id. at 1317 (internal quotations and citation omitted).

## DISCUSSION

The '719 Patent relates to "[a] system for detecting random information in an electronic communication, and recognizing the electronic information as being undesired information, e.g. Spam, when such random information is detected." See U.S. Patent 6,052,719 ("'719 Patent") at [57] (filed Sep. 25, 2001). The parties dispute the proper construction of six terms, three of which appear in Claim 1 and three of which appear in Claim 6. The relevant claims read as follows:

Claim 1: An article, comprising:

a machine readable medium which stores machine executable instructions, the instructions causing a computer to:

receiving an electronic communication over a channel;

**detect random information** in said electronic communication that has been received over the channel; and

establish said electronic communication as possibly being an undesired electronic communication based on said detect of said random information, wherein said random information includes a **plurality of random characters**, and wherein said detect random characters comprises comparing a content of said electronic communication to a dictionary of words, and **establishing parts within said electronic communication that are not within said dictionary as being random characters**.

See '719 Patent, col. 3, lines 38-54 (emphasis added to designate disputed terms).

Claim 6: A method comprising:

receiving an electronic communication;

**detecting random information** within said electronic communication; and filtering said electronic communication, prior to reaching a user,

>responsive to said detecting;
>
>wherein said random information includes **random characters**; and
>
>wherein said random information includes random words, and said detecting comprises comparing said electronic communication with a dictionary of words, and **establishing items which do not match any parts of said dictionary as being said random information**.

See '719 Patent, col. 4, lines 10-22 (emphasis added to disputed terms).

Pursuant to Markman v. Westview Instruments, Inc., 517 U.S. at 384-91, the Court next construes the disputed claims.

### A.   "Detect Random Information" and "Detecting Random Information" [2]

The parties dispute the proper construction of "detect random information" and "detecting random information" as found in Claims 1 and 6 respectively. (See '719 Patent at col. 3, line 44; id. col. 4, line 13.) SWTI argues said claim terms should be construed as "discovering that a plurality of information has a pattern that is not exactly the same as the dictionary or rule or item being compared against." (See J. Claim Constr. Stmt Ex. A at 1.) Symantec argues said claim terms should be construed as "discovering that a plurality of characters has no recognized pattern." (See id. Ex. B at 1.)

The Court, for the reasons stated by Symantec in support of its proposed claim construction, finds "detect random information" and "detecting random information" are properly construed as "discovering that a plurality of characters has no recognized pattern."

### B.   "Plurality Of Random Characters" and "Random Characters" [3]

The parties dispute the proper construction of "plurality of random characters" and "random characters" as found in Claims 1 and 6 respectively. (See '719 Patent at col. 3, line 49; id. col. 4, lines 17-18.) SWTI argues said claim terms should be construed as a "group of characters with a pattern that is not exactly the same as the dictionary or rule or

---

[2] The parties agree the terms "detect random information," in Claim 1, and "detecting random information," in Claim 6, should receive the same construction. (See J. Claim Constr. Stmt Ex. A at 1; see also id. Ex. B at 1.)

[3] The parties agree the terms "plurality of random characters," in Claim 1, and "random characters," in Claim 6, should receive the same construction. (See J. Claim Constr. Stmt Ex. A at 1; see also id. Ex. B at 1.)

item being compared against." (See J. Claim Constr. Stmt Ex. A at 1.) Symantec argues said claim terms should be construed as a "group of characters having no recognized pattern." (See id. Ex. B at 1.)

The Court, for the reasons stated by Symantec in support of its proposed claim construction, finds "plurality of random characters" and "random characters" are properly construed as a "group of characters having no recognized pattern."

### C. "Establishing Parts Within Said Electronic Communication That Are Not Within Said Dictionary As Being Random Characters" and "Establishing Items Which Do Not Match Any Parts Of Said Dictionary As Being Random Information"[4]

The parties dispute the proper construction of "establishing parts within said electronic communication that are not within said dictionary as being random characters" and "establishing items which do not match any parts of said dictionary as being random information" as found in Claims 1 and 6 respectively. (See '719 Patent at col. 3, lines 52-54; id. col. 4, lines 20-23.) SWTI argues said claim terms should be construed as "taking action within the computer according to a result of a computer operation when an electronic communication has words that do not match the words in a database or set of rules which stores or executes information that represents words." (See J. Claim Constr. Stmt Ex. A at 1.) Symantec argues said claim terms should be construed as "identifying series of characters having no recognized pattern as being random when they are not contained in a list of known words." (See id. Ex. B at 2.)

The Court finds "establishing parts within said electronic communication that are not within said dictionary as being random characters" and "establishing items which do not match any parts of said dictionary as being random information" are properly construed as "identifying series of characters having no recognized pattern as being random when they are not contained in a list of specified words." The Court, for the reasons stated by

---

[4] The parties agree the terms "establishing parts within said electronic communication that are not within said dictionary as being random characters," in Claim 1, and "establishing items which do not match any parts of said dictionary as being random information," in Claim 6, should receive the same construction. (See J. Claim Constr. Stmt Ex. A at 1; see also id. Ex. B at 2.)

5

Symantec in support of its proposed claim construction, adopts, with one exception, Symantec's proposed construction.  In particular, the Court finds Symantec's inclusion of the word "known" adds a limitation not contained in the claims; in lieu thereof the Court has substituted the word "specified."

**IT IS SO ORDERED.**

Dated: April 27, 2010

MAXINE M. CHESNEY
United States District Judge